# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

        Plaintiff,

vs.

JEFFREY PATRICK KING,

        Defendant.

4:08-cr-008-JDR

**ORDER
REGARDING
MOTION TO DISMISS**
(Docket 26)

At the conclusion of trial defendant King moved for dismissal based on lack of notice and due process. Docket No. 26. Defendant supported his motion with a memorandum filed at Docket No. 53. The government opposed the motion at Docket No. 32. Defendant filed a reply at Docket No. 47.

There are two components to the Due Process guarantee of the Fifth Amendment: substantive due process and procedural due process. The Fifth Amendment provides "[N]or [shall any person] be deprived of life, liberty, or property

without due process of law." King's motion to dismiss asserts a substantive due process claim that the law under which he is charged is too vague to put citizens on notice as to which activities it prohibits. Specifically, he argues that the government has provided inadequate notice of the Park boundary for Denali National Park to notify him of the restrictions on hunting in the Park. He argues that the government has not provided adequate notice of each element of the offense to allow citizens to modify their behavior and avoid subjecting themselves to criminal sanctions. King argues that the government has failed to meet its own notice requirements.

King cites the National Park Service regulation on public notice that provides in pertinent part that "whenever the authority of § 1.5(a) [of 36 C.F.R.] is invoked to restrict . . . a public use or activity . . . to designate all or a portion of a Park area as opened or closed, or to require a permit to implement a public use limit, the public shall be notified by one or more of the following methods: (1) Signs posted at conspicuous locations, such as normal points of entry and reasonable intervals along the boundary of the affected park locale. (2) Maps available in the Office of the Superintendent and other places convenient to the public. (3) Publication in a newspaper of general circulation in the affected area. (4) Other appropriate methods, such as the removal of closure signs, use of electronic media, Park brochures, maps and handouts." King overlooks the fact that the National Park is closed to the taking of wildlife except for subsistence uses to the extent specifically

permitted by ANILCA.  The prohibition of hunting is statutory not pursuant to 36 C.F.R. § 1.5 which addresses closures and public use limits.  Notice through the regulations is sufficient public notice to meet the defendant's due process argument.

The defendant also argues that the requisite notice required before trespass can be found was not provided.  King is not charged with trespass.  His reference to 25 C.F.R. § 11.411(b), which defines criminal trespass in a place not a dwelling on Indian Reservations is inapplicable here.

Subsumed in the defendant's due process argument is the claim that the government did not adequately post the Park boundary to give reasonable notice as to where hunting in Denali National Park is proscribed.  He argues that fencing or other enclosures designed to exclude intruders is required.  The government has provided through its website and maps information reasonably likely to come to the attention of the public inquiry about the Park boundary particularly in the area hunted by King.  In addition, in this unimproved land the government had cadastral survey markers to assist a person in orienting himself to the Park boundary on the terrain. I reject King's constitutional due process claim that he was denied adequate notice of the Park boundary and notice of prohibited hunting activity in Denali National Park.

King knew hunting was prohibited in Denali National Park – he simply failed to take adequate precautions to determine the actual boundary even though

he knowingly hunted close to that boundary.  Adequate notice of the Park Boundary to impose criminal liability meets the constitutional requirement of due process in the instant case.  As the Supreme Court stated in <u>Lambert v. People of the State of California</u>, 355 U.S. 225 (1957), r'hrg denied (1958), cited by King, the rule that ignorance of the law will not excuse is deeply rooted in the law.  *Id.* at 223.  <u>Lambert</u> held that the Los Angeles Felon Registration Ordinance violated due process when applied to person who had no actual knowledge of the duty to register.  In the instant case the public is given reasonable notice of the prohibited conduct and the law that set aside the land as a National Park.  Actual knowledge of the prohibition of hunting is not required for the type of conduct proscribed.  "The Constitution is satisfied if the necessary information is reasonably obtainable by the public."  <u>United States v. Vasarajs</u>, 908 F.2d 443, 449 (9th Cir. 1990) (unlawful reentry into a military reservation in violation of 18 U.S.C. § 1382).  This court declines to accept King's argument that the physical boundary of Denali National Park could not have been reasonably discovered.  Accordingly, the Motion to Dismiss for a lack of notice and due process, Docket No. 26, is DENIED.

DATED this 23rd day of October, 2008, at Anchorage, Alaska.


     /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Case 4:08-cr-00008-JDR   Document 58   Filed 10/24/08   Page 4 of 4
Signed by Judge John D. Roberts