MYRON ANGSTMAN
Angstman Law Office
PO Box 585
Bethel, Alaska 99559
Phone: (907) 543-2163
Fax: (907) 543-2972
Email: angstmanlaw@alaska.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JEFFREY PATRICK KING, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

Case No. 4:08-cr-00008 JDR

**DEFENDANT'S SENTENCING MEMORANDUM**

Local Criminal Rule 32.1 requires both parties to serve a sentencing memorandum seven

days before sentencing and eight days after being served with the final presentence report.

D.Ak.LCrR. 32.1(d). "No presentence report was prepared in this case." Sentencing

Recommendation, Docket 63. Because the local rules require any sentencing memorandum to

specifically address aspects of the presentence report, Defendant responds instead to the

sentencing recommendation filed with this court on December 3, 2008, and the allegations in the

Sentencing Memorandum of the United States. See Docket 62.

Defendant's Sentencing Memorandum
US v. King, Case No. 4:08-cr-8 JDR                                    Page 1 of 4

**I.      Defendant's Response to the Sentencing Recommendation.**

    **A.      Defendant's Position on the Sentencing Recommendation (D.Ak.LCrR. 32.1(d)(2)[A]).**

Defendant agrees with the sentencing recommendation as it relates to custody and probation.  Defendant does not agree with the amount of the fine included in the presentence report.  As pointed out in the sentencing recommendation, Defendant has no criminal history. The Probation Officer in this case has recommended a $5000 fine, the maximum amount allowed by statute for this offense.  Defendant was convicted of illegally taking a moose on park property. At trial, this court heard evidence concerning the difficulty all parties had in properly identifying the location of the park boundary.  This is not a situation where the maximum fine is necessary, especially considering the specific facts of this case.  Defendant asks that this court impose a fine in an amount less than the maximum.

    **B.      Defendant's Position on the Sentencing Guidelines (D.Ak.LCrR. 32.1(d)(2)[B]-[C]).**

The Sentencing Guidelines are not applicable to Class B misdemeanors.  USSG §1B1.9. Therefore, the local rules requiring comment on the guidelines are inapplicable to this case and the government's lengthy discussion should be disregarded.

    **C.      Additional Information (D.Ak.LCrR. 32.1(d)(2)[D]).**

Defendant has attached letters of support from the community as well as a list of some of Defendant's community service and other activities.

**II.      Defendant's Response to the Factual Assertions of the United States.**

While the procedural posture of this case does not require a response to the government's

Defendant's Sentencing Memorandum
US v. King, Case No. 4:08-cr-8 JDR                                                                    Page 2 of  4

allegations in its memorandum, one section needs a response because it is both outrageous and factually incorrect. Mr. Cooper writes that Jeff King is guilty of perjury and obstruction of justice, supporting his charge with facts that will be shown to be completely false. Mr. Cooper's error in this matter far transcends any error King made during his hunting trip. This reckless conduct is used to suggest a greatly enhanced sentence, which contradicts the rest of the evidence in this case showing that King harvested a moose under circumstances where a reasonable person could easily be mistaken regarding the park boundary because the boundary lacked visible markers. King's position is enhanced by the fact that the investigating ranger shared King's misunderstanding of the actual boundary, as did King's long time hunting companion who received his information on the park boundary from a park ranger.

Further evidence will be presented showing that despite previous suggestions that boundary marking in the area of the King hunt was impractical because of geography and cost, the boundary was marked, in one day, immediately following the trial in this matter. Additional evidence will show that the marking survived the hunting season till this week, once again in contradiction of earlier comments that markers are torn down as soon as they are placed in this area.

The remainder of defendant's sentencing remarks will be reserved for the sentencing hearing, where 2 to 4 witnesses will be called.

RESPECTFULLY SUBMITTED this 3rd day of December, 2008.

ANGSTMAN LAW OFFICE
Attorneys for Defendant

By:   s/Myron Angstman

Case 4:08-cr-00008-JDR     Document 64     Filed 12/03/08     Page 3 of 4

Myron Angstman, #7410057
PO Box 585
Bethel, Alaska 99559
Phone: (907) 543-2972
Fax: (907) 452-8154
Email: angstmanlaw@alaska.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of December 2008, a copy of the foregoing was served electronically on:

Stephen Cooper
Assistant United State Attorney
U.S. Department of Justice

Marci Lundgren
Senior U.S. Probation Officer

s/Matthew Widmer